## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY** ) | |
| **AND ETHICS IN WASHINGTON,** ) | |
| 1101 K Street, N.W., Suite 201 ) | |
| Washington, D.C.  20005 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| **U.S. DEPARTMENT OF STATE,** ) | |
| 2201 C Street, N.W. ) | |
| Washington, D.C. 20520 ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.
§ 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive,
declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in
Washington ("CREW") challenges the failure of the U.S. Department of State ("State
Department") to respond to two requests for documents related to the State Department's
politicized response to congressional oversight requests.

2.      This case seeks declaratory relief that the State Department is in violation of the
FOIA, specifically, 5 U.S.C. § 552(a)(3)(A), for failing to provide CREW all responsive records
and 5 U.S.C. § 552(a)(6)(A), for failing to provide CREW with a determination on its requests
within 20 business days, as well as injunctive relief ordering defendant State Department to
process and release to CREW immediately the requested records in their entirety.

## Jurisdiction and Venue

3.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B).

## Parties

4.     Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA. Additionally, CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions.

5.     Defendant State Department is an agency within the meaning of 5 U.S.C. §§ 552(f)(1) and 701(b)(1). Defendant has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request.

## Statutory and Regulatory Background

6.     The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7.      An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which of the requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8.      An agency's failure to make this determination within 20 business days is subject to judicial review without exhausting administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

9.      In "unusual circumstances" an agency may extend the time to respond to a request by no more than 10 working days provided that the agency gives the requester written notice setting forth the unusual circumstances and the date on which the agency expects to make a determination. 5 U.S.C. § 552(a)(6)(B)(i)-(iii). The FOIA defines "unusual circumstances" as including the need to search for and collect responsive records from offices other than the office processing the request; the need to search for, collect, and examine a "voluminous amount of separate and distinct records"; and the need to consult with another agency. 5 U.S.C. § 552(a)(6)(B)(iii)(I)–(III).

**Factual Background**

10.     According to public reporting in June 2017, the White House has instructed federal agencies to refuse congressional oversight requests from Democrats. Gabrielle Levy, White House Blocks Democrats' Oversight Efforts, *U.S. News & World Report* (June 2, 2017), https://bit.ly/2XP8rCe; Burgess Everett and Josh Dawsey, White House Orders Agencies to Ignore Democrats' Oversight Requests, *Politico* (June 2, 2017), https://politi.co/36RwKDA.

11.     Further, since Democrats assumed control of the House of Representatives in 2019, the President has continued to make clear that his administration will only submit to oversight from Senate Republicans, stating, "[t]he House is a bunch of Trump haters." Kevin

Breuninger and Christina Wilkie, Trump: 'We're Fighting All The Subpoenas' From House Democrats, *CNBC* (Apr. 24, 2019), https://cnb.cx/3cIt8oM; Kevin Liptak, Trump Says He Only Will Submit To GOP Oversight For His Administration, *CNN* (May 5, 2020), https://cnn.it/30kbzZJ; The White House, Remarks by President Trump Before Marine One Departure, *WhiteHouse.gov* (May 5, 2020, 10:21A.M.), https://www.whitehouse.gov/briefings-statements/remarks-president-trump-marine-one-departure-89/.

12.     Apparently following the President's directive, the State Department has failed or outright refused to respond to congressional oversight requests from Democratic congressional committee chairs. *See*, *e.g.* Letter from House Committee on Foreign Affairs Chairman Eliot L. Engel to Secretary of State Mike Pompeo (May 21, 2020) ("Engel Letter"), https://bit.ly/2MCNKEf. Public reporting about allegations that the State Department has politicized its approach to several high-profile congressional investigations also suggests that State Department employees have executed the President's directive to only cooperate with Republican oversight. *See* Emma Loop, A Top Democrat Says The State Department Has Sent Republicans Thousands Of Pages For Their Biden Investigation While Ignoring Democratic Requests, *Buzzfeed* (May 6, 2020), https://bit.ly/2Uhqlg3.

13.     At the same time the State Department ignores requests from House Democratic chairs, it consistently cooperates with oversight requests from Senate Republican committee chairs. Engel Letter. For example, in response to a November 2019 request from Senators Ron Johnson and Chuck Grassley for information about Burisma Holdings and Ukraine, the State Department voluntarily produced thousands of pages of documents between February and April 2020. Letter from Senate Finance Committee Chairman Charles E. Grassley and Senate Homeland Security and Governmental Affairs Committee Chairman Ron Johnson to Secretary of

State Michael R. Pompeo (Nov. 7, 2019), https://bit.ly/2APraWB; Letter from Senate Finance

Committee Ranking Member Ron Wyden to Secretary of State Michael Pompeo, 1-2 (May 6,

2020) ("Wyden Letter"), https://bit.ly/2MCNKEf; Engel Letter at 2.

14.     The State Department made its voluntary production to Senators Johnson and

Grassley amidst the State Department's response to the coronavirus pandemic, which the State

Department's Office of Information Programs and Services ("IPS") Director, Eric F. Stein,

declared had reduced its FOIA processing capability by 96 percent. Wyden Letter at 2; Loop,

*Buzzfeed* (May 6, 2020); Decl. Of Eric F. Stein at 7, *John Solomon v. U.S. Dep't of State*, No.

1:20-cv-00132-RDM (D.D.C. March 25, 2020), ECF No. 13-1.

15.     In only one recent instance was Chairman Engel able to reach an accommodation

with the State Department. *See* Letter from House Committee on Foreign Affairs Chairman Eliot

Engel to Secretary of State Mike Pompeo (June 12, 2020), https://bit.ly/2Y7DF9b. In all other

instances, the State Department has failed to provide any information in response to requests

from Chairman Engel and other Democratic committee chairs with direct legislative authority

over the State Department. This recalcitrance began even before the coronavirus pandemic, and

includes multiple unfulfilled inquiries from Chairman Engel and other Democratic chairs dating

back to February 2019. Letter from House Committee on Foreign Affairs Chairman Eliot L.

Engel, House Committee on Oversight and Reform Chairman Elijah E. Cummings, and House

Permanent Select Committee on Intelligence Chairman Adam to Secretary of State Michael R.

Pompeo (Sept. 27, 2019), https://bit.ly/3d3b9d7; Engel Letter at 1; Letter from House Committee

on Foreign Affairs Chairman Eliot Engel and House Committee on Foreign Affairs

Subcommittee on Oversight and Investigations Chairman Joaquin Castro to Secretary of State

Michael R. Pompeo (May 18, 2020), https://bit.ly/2MC293G.

16.     As the Government Accountability Office ("GAO") has noted, under federal appropriations law, eventual compliance is not a defense for an agency's extended delay in cooperating with a congressional request. GAO, *Department of Housing and Urban Development—Application of Section 713 of the Financial Services and General Government Appropriations Act*, 2012 (Reconsideration), B-325124.2, at 15, Apr. 5, 2016. Moreover, compliance with one request does not excuse or defend the State Department's numerous failures to provide prompt responses to other requests. Indeed, the June 12 accommodation Chairman Engel reached with the State Department demonstrates that the agency can engage in constitutionally required negotiation and accommodation when it chooses. Unfortunately, in nearly all cases, however, the State Department has chosen not to accommodate the requests from Chairman Engel and his Democratic colleagues.

17.     Based on the publicly reported evidence that the State Department's process for responding to congressional requests for documents has become entirely politicized, CREW filed a complaint on June 18, 2020, with the State Department's Office of Inspector General ("OIG") requesting that OIG investigate the allegations that the State Department is improperly politicizing its approach to high-profile congressional investigations and stonewalling oversight requests from Democratic congressional committee chairs. Press Release, CREW Complaint: Investigate State Department for Politicized Responses, *CREW* (June 18, 2020), https://www.citizensforethics.org/press-release/state-department-politicized-records-requests/.

18.     In its complaint, CREW noted that withholding information and testimony from committee chairs based on party affiliation would violate federal law as well as Executive Branch policies.

19.      By letter dated June 22, 2020, OIG acknowledged receipt of CREW's complaint and advised CREW that its request was being processed. As of this filing, CREW has not received further communication from OIG related to its complaint.

*The FOIA Requests At Issue*

20.      On June 26, 2020, CREW submitted to the State Department by email two FOIA requests seeking information regarding the State Department's pattern of releasing records along party lines. Press Release, CREW Requests State Records On Politicized Response To Congress, *CREW* (June 26, 2020), https://www.citizensforethics.org/foia/state-pompeo-politicized-congress-oversight/.

21.      In its first request, CREW requested all documents created or received from June 1, 2017 to the date the State Department conducts its search "pertaining, concerning or reflecting any guidance, instruction, directive, or recommendation on how to handle document or testimony requests from congressional committee chairs, and whether that handling differs depending on the political party of the Chairman or Chairwoman who makes the request." Specifically, CREW requested documents "directing employees to give priority to requests made by Republican members of Congress." FOIA Request, *CREW*, June 26, 2020, *available at* https://s3.amazonaws.com/storage.citizensforethics.org/wp-content/uploads/2020/06/30143 057/2020-6-26-foia-state-narrow.pdf.

22.      In its second request, CREW requested two categories of records created since the start of the 116th Congress on January 3, 2019 and the date the Department conducts its search. First, CREW requested all records regarding the requests for documents or testimony sent to the State Department by Democratic committee chairs (a) Rep. Elijah E. Cummings, former Chairman of the House Committee on Oversight and Reform ("HCOR") and HCOR staff; (b)

Rep. Carolyn Maloney, Chairwoman of the HCOR and HCOR staff; or (c) Rep. Maxine Waters, Chairwoman of the House Financial Services Committee ("HFSC") and HFSC staff. CREW specified that its request includes all documents sent to, copied to, or received by (d) Senior Advisor to the Secretary of State Mary Kissel, as well as any Department employee with the title "Chief of Staff" or "Deputy Chief of Staff" to the Secretary of State, or acting in any such capacity; (e) IPS Director Stein, as well as anyone with the title "Chief of Staff" or "Deputy Chief of Staff" to the Director, or acting in any such capacity; (f) Director of the Office of Foreign Missions Stephen J. Akard; as well as (g) Bureau of Legislative Affairs ("BLA") Assistant Secretary Mary Elizabeth Taylor, BLA Deputy Assistant Secretary of House Affairs Jess Moore, BLA Executive Director Alicia A. Frechette, or Congressional Correspondence Unit Chief Cynthia Andrews in response to these requests. In responding to this request, CREW asked that the State Department exclude records, documents, and communications regarding requests made jointly by Chairman Engel and, either, former Chairman Cummings (a) or Chairwoman Maloney (b).

23.     Second, CREW requested all documents, as well as all communications and records of communications sent to, copied to, or received by Secretary of State Michael R. Pompeo, Director Akard, Senior Advisor Kissel, as well as any State Department employee with the title "Chief of Staff" or "Deputy Chief of Staff" to the Secretary, or acting in any such capacity related to CREW's June 18th complaint to OIG.

24.     In both FOIA requests, CREW sought a waiver of fees associated with processing its requests. CREW explained that it intends to analyze the information responsive to these requests and to share its analysis with the public through reports, press releases, or other means.

25.     CREW further explained that the requested records would shed light on whether the State Department has and is executing a biased, partisan policy in its handling of and responses to congressional oversight requests from congressional committee chairs. CREW noted that the requested records would shed light on the circumstances surrounding the State Department's voluntary and efficient cooperation with requests from Senate Republican chairs regarding Burisma Holdings and Ukraine, while refusing to comply with numerous requests for information and testimony from House Democratic chairs. CREW explained that this conduct suggests a more nefarious purpose that has substantial legal implications; deficiencies in the State Department's policies related to congressional oversight; and possible misconduct by State Department employees handling these requests.

26.     CREW explained that the State Department's apparent stonewalling of Democratic requests and fast-tracking of Republican ones impedes Congress' ability to conduct oversight, which is a crucial check on executive power. The government's compliance with anticorruption mechanisms is of significant interest to the public. If there is particular guidance that the State Department is following that codifies responding to requests along party lines, the public deserves to know that Secretary Pompeo is inappropriately infusing partisan politics into the State Department and blocking congressional access to information.

27.     To date, plaintiff CREW has received no response from defendant State Department in response to either of its June 26, 2020 FOIA requests.

28.     Under 5 U.S.C. § 552(a)(6)(C)(i), CREW has now effectively exhausted all applicable administrative remedies with respect to its requests of the State Department.

## PLAINTIFF'S CLAIM FOR RELIEF

29.     Plaintiff repeats and re-alleges paragraphs 1-28.

30.     Plaintiff properly asked for records within the custody and control of the State Department.

31.     Defendant State Department wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for making a determination on plaintiff's requests, and by withholding from disclosure records responsive to plaintiff's requests.

32.     Plaintiff CREW is therefore entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in its two June 26, 2020 FOIA requests.

### Requested Relief

WHEREFORE, plaintiff respectfully requests that this Court:

(1)     Order defendant to immediately and fully process plaintiff's two June 26, 2020 FOIA requests to the State Department and to disclose all non-exempt documents immediately to plaintiff;

(2)     Issue a declaration that plaintiff is entitled to immediate processing and disclosure of the requested records;

(3)     Provide for expeditious proceedings in this action;

(4)     Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5)     Award plaintiff its costs and reasonable attorneys' fees in this action; and

(6)     Grant such other relief as the Court may deem just and proper.

Respectfully submitted,


 /s/ Anne L. Weismann
Anne L. Weismann
(D.C. Bar No. 298190)

Adam J. Rappaport
(D.C. Bar No. 479866)
Citizens for Responsibility and Ethics
   in Washington
1101 K Street, N.W., Suite 201
Washington, D.C.  20005
Phone: (202) 408-5565
Facsimile: (202) 588-5020
aweismann@citizensforethics.org

Dated: July 28, 2020                    *Attorneys for Plaintiff*